# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**TERRY WEAVER,**
    Petitioner,

vs.                                     **Case No. 5:05cv46/LAC/MD**

**JAMES V. CROSBY, JR.,**
    Respondent.

## REPORT AND RECOMMENDATION

This habeas corpus action brought pursuant to 28 U.S.C. § 2254 is before the court upon petitioner's motion for default judgment. (Doc. 34). Petitioner seeks a default judgment pursuant to Federal Rule of Civil Procedure 55 on the grounds that respondent was two days late in filing his answer to the petition. The Eleventh Circuit has held that default judgments are inappropriate in habeas corpus cases. *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987) ("[A] default judgment is not contemplated in habeas corpus cases. . . .").[1]

Accordingly, it is respectfully RECOMMENDED:

1. That petitioner's motion for default judgment (doc. 34) be DENIED.

2. That this cause be remanded to the undersigned for further proceedings.

At Pensacola, Florida this 18th day of November, 2005.

                            /s/ *Miles Davis*
                            **MILES DAVIS**
                            **UNITED STATES MAGISTRATE JUDGE**

---

[1] Other circuits agree. *See, e.g., Lemons v. O'Sullivan*, 54 F.3d 357, 364-65 (7th Cir. 1995) ("Default judgment is an extreme sanction that is disfavored in habeas corpus cases."); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."); *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970) (concluding that default judgments are not available in habeas corpus proceedings, and that Federal Rule of Civil Procedure 55 pertaining to entry of default judgment is not applicable in habeas corpus cases).

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  A copy of any objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**